UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

No. 15-cv-21758-DPG

NCL (BAHAMAS) LTD.,

    Plaintiff,

vs.

WARREN LEWIN OMIER,

    Defendant.

_____/

### VERIFIED FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, NCL (Bahamas), Ltd. ("Norwegian") files this Verified First Amended Complaint for Declaratory Relief against Defendant Warren Lewin Omier ("Omier"), and alleges as follows:

### PARTIES AND JURISDICTION

1. Norwegian is a foreign corporation with its principal place of business in Miami, Florida, United States.

2. Omier is a citizen of Nicaragua.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333. This action is an admiralty and maritime action within the meaning of FED. R. CIV. P. 9(h).

4. Norwegian seeks declaratory relief pursuant to 28 U.S.C. § 2201. Norwegian has a present *bona fide* need for a declaration; Norwegian is in doubt as to its rights; all parties necessary to the resolution of these issues are presently before the Court; and Norwegian is not



merely seeking legal advice, but is seeking a resolution of its rights regarding a present controversy.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

6. Norwegian respectfully requests that this Court order a speedy hearing of this declaration-judgment action. FED. R. CIV. P. 57.

## GENERAL ALLEGATIONS

7. Norwegian employed Omier as a junior engine seafarer from May 1, 2011, to January 13, 2012.

8. Omier alleges that on or about December 21, 2011, he suffered a back injury as a result of an incident onboard the vessel *Jade* while repairing a garbage pulper in one of the vessel's galleys.

9. Omier was signed off the *Jade* following the alleged incident, returned home to Nicaragua, and received maintenance and cure for his back injury.

10. Claims relating to or in any way connected with Omier's shipboard employment are subject to arbitration. [Employment Agreement, attached as Exhibit A].

11. In accordance with the binding arbitration clause, Omier initiated an arbitration against Norwegian on December 18, 2014, alleging he "was injured while working as a crew member for [ ] Norwegian Cruise Line." [Notice of Arbitration, attached as Exhibit B].

12. Despite the arbitration clause, Omier simultaneously filed suit against Norwegian on December 18, 2014, in the Eleventh Judicial Circuit of Florida Case Number 2014-031914 CA 01 based on the same underlying incident and injuries.

13. On May 6, 2015, Omier—while at home in Nicaragua receiving maintenance and cure for the injuries allegedly sustained in December 2011—made a demand for additional



maintenance and cure against Norwegian. [May 6, 2015, Maintenance and cure demand letter, attached as Exhibit C].

14. The shipowner's obligation to pay maintenance and cure does not arise unless the seafarer sustains an injury or illness in the service of the vessel that did not result from the seafarer's willful misbehavior or deliberate act, and continues up until the point of maximum medical improvement or incurability.

15. Omier's May 6, 2015 maintenance and cure demand states that he was victim of a May 3, 2015, intentional machete attack by an unidentified criminal in Bluefields, Nicaragua. He claims that he suffered injuries to his left wrist and left ankle as a result of the machete attack.

16. Despite that Omier is receiving treatment at a local hospital in Nicaragua as a result of the purported machete attack and his injuries, he has requested that Norwegian arrange and pay for surgery with a specialist.

17. Norwegian does not believe it is obligated to pay or provide maintenance and cure for the injuries arising out of the purported machete attack.

18. Omier was signed off the vessel, and not in the service of the *Jade* at the time of purported machete attack.

19. Omier's injuries from the machete attack were not sustained in the service of the *Jade* or related to shipboard employment.

20. The purported machete attack is an independent criminal act committed by a third-party wholly unrelated to Norwegian or Omier's employment with Norwegian.

21. Omier's maintenance and cure demand is not in any way connected or related to his shipboard employment with Norwegian.



22. In addition, upon information and belief, Omier was the original aggressor and instigator of the fight that resulted in his machete attack.

23. Upon information and belief, Omier's son was first involved in a fight. Omier subsequently initiated the fight that resulted in the machete attack with the unknown assailants that fought his son.

24. The incident and Omier's injuries are the result of his own willful misbehavior and deliberate acts.

25. Norwegian disputes that it is obligated to provide Omier any maintenance and cure benefits as a result of the purported May 3, 2015, machete attack.

26. Omier's disputed entitlement to maintenance and cure presents an actual controversy that requires a judicial determination.

WHEREFORE NCL (Bahamas) Ltd., respectfully requests that this Court enter an Order declaring that Omier is not entitled to receive maintenance and cure as a result of the alleged May 3, 2015 incident and injuries as stated herein.

    Respectfully submitted,

    MASE LARA, P.A.
    *Attorneys for Plaintiff*
    2601 S. Bayshore Drive, Suite 800
    Miami, Florida 33133
    Telephone: (305) 377-3770
    Facsimile: (305) 377-0080

By:   /s/ *Jonathan A. Greenberg*
    CURTIS J. MASE
    Florida Bar No.: 478083
    cmase@maselara.com
    JONATHAN A. GREENBERG
    Florida Bar No.: 88206
    jgreenberg@maselara.com



No. 15-cv-21758-DPG

## **VERIFICATION**

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

BRETT BERMAN, being duly sworn, deposes and says:

    I, BRETT BERMAN, Manager, Crew Claims for Plaintiff, have read the foregoing First Amended Verified Complaint for Declaratory Relief and hereby verify that the contents thereof are true and correct to the best of my knowledge, information, and belief.

                                               */s/ Brett Berman*[1]
                                               BRETT BERMAN

18704/82

---

[1] Brett Berman (Manager, Crew Claims for the Plaintiff) was able to review and make edits to this Amended Complaint before approving this final version. Due to a death in the family, Mr. Berman was unable to physically sign the Amended Complaint, but will do so and file with this Court as soon as possible.

